9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KEVIN A. GARY )
)
Plaintiff, )
)
v. )
)
BLUESTEM BRANDS, INC d/b/a/ )
FINGERHUT )

Defendant's

Case:5:19-cv-12384
Judge: Levy, Judith E.
MJ: Patti, Anthony P.
Filed: 08-12-2019 At 03:43 PM
CMP KEVIN GARY V BLUESTEM BRANDS INC (LG)

**JURY DEMAND**

## ORIGINAL COMPLAINT

NOW COMES the Plaintiff, KEVIN A. GARY, by and through himself and for his Complaint against the Defendant, BLUESTEM BRANDS, INC, d/b/a FINGERHUT (hereinafter, Defendant ) and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. Defendant has violated the Fair Credit Reporting Act (FCRA) 15 U.S.C. 1681 *et seq*, and the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 *et seq*. The Defendant violated the FCRA by knowingly and wrongly reported false information to the Credit Reporting Agencies that has cause severe harm to the Plaintiffs ability to gain credit, obtain loans, and live a meaningful life. Additionally, BLUESTEM BRANDS, INC, d/b/a FINGERHUT, (hereinafter,

Defendant) is negligent in knowingly, and willfully contacting the Plaintiff on his cellular telephone without his prior express written consent within the meaning of the TCPA using an automated voice message to a cellphone or pager violating

## JURISDICTION & VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. § 1681 and 28 U.S.C. § 1331. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. KEVIN A. GARY, (hereinafter, "Plaintiff"), is a natural person who was at all relevant times residing in the county of Wayne, state of Michigan.

5. Defendant's BLUESTEM BRANDS, INC, d/b/a FINGERHUT., is a domestic company with a corporate office located at 7075 Flying Cloud Drive, Eden Prairie, MN 55344, and has a registered agent at 1010 Dale St N, St Paul MN 55117

6. At all relevant times, Defendant has conducted business in Michigan, solicited business in Michigan, engaged in a persistent course of conduct in Michigan, or has derived substantial revenue from services rendered in Michigan.

## ALLEGATIONS OF FACT

2

7. In the middle of December 2018, Plaintiff began receiving calls on his cellphone of 248-703-xxxx from a phone number of 888-225-1500 belonging to the Defendant.

8. On several occasions Plaintiff answered the phone and was told that he owed an alleged debt for a loan taken out in his name. Plaintiff told the representatives on several occasions that he did not take out a loan and Plaintiff have never heard of the company or done business with a company named Fingerhut.

9. The calls continued as the Defendant kept calling several times a day. At the same time Defendant would leave automated voice messages on Plaintiffs cellphone that stated:

**"Please contact fingerhut by calling 855-895-3382 regarding an urgent business matter. we look forward to connecting with you soon"**

10. Frustrated and angered, Plaintiff filed a police report in March of 2019 and sent it to the offices of the Defendant to get his name cleared of this alleged debt.

11. Plaintiff has received at least two-hundred (200) calls from the Defendant since December of 2018.

12. Upon information and belief, all of the calls Defendant placed to Plaintiffs cellular phone were placed using an "automatic telephone dialing system" (hereinafter, "auto-dialer"), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including

3

but not limited to a predictive dialer) or artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1)

13. Plaintiff suffered harm and damages that include tying up his cellphone, and emotional distress such as anger and resentment each time he received a phone call from the Defendant.

14. Since December of 2018, the Defendant has been reporting this alleged debt to the credit reporting agencies and it has harmed his credit rating causing Plaintiff to miss out on loan opportunities to help improve his business.

15. The Fair Credit Reporting Act ("FCRA") 15 U.S.C. 1681-1681y, imposes responsibilities on all persons who furnish information to consumer reporting agencies (CRAs). These responsibilities are found in 15 U.S.C. 1681s-2 of the FCRA.

16. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time he received a phone call from the Defendant.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## SECTION 1681s-2(b)

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendant willfully failed to comply with the requirements imposed under the FCRA, including but not limited to failing to comply with the requirements in 15

4

U.S.C. section 1681s-2(b).

19. As a result of Defendants violations of the FCRA, Plaintiff suffered and continues to suffer damages including denial of credit, lost opportunity to receive credit, damage to reputation, worry, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury.

20. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

## COUNT II
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227, et seq

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Using an auto-dialer, Defendant contacted the Plaintiff at least 200 times by means of artificial pre-recorded voice messages to a cellphone or pager in violation of 47 U.S.C. 227(b)(1)(A)(iii).

23. Plaintiff did not provide his consent to be contacted on his cellular telephone and in fact instructed Defendants to stop all calls to him and cease calling his cellular telephone.

24. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227et seq.

25. As a result of Defendants negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

<u>**COUNT III**</u>
<u>**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227, et seq**</u>

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Using an auto-dialer, Defendant knowingly and willfully contacted the Plaintiff at least 200 times by means of artificial pre-recorded voice messages to a cellphone or pager in violation of 47 U.S.C. 227(b)(1)(A)(iii).

28. Plaintiff did not provide his consent to be contacted on his cellular telephone and in fact instructed Defendants to stop all calls to him and cease calling his cellular telephone.

29. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227et seq.

30. As a result of Defendant calls made knowingly and/or willfully in violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

a) As a result of Defendant negligent violations of the TCPA, 47 U.S.C. § 227et seq., Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(1);

b) As a result of Defendant willful and/or knowing violations of the TCPA, 47 U.S.C. § 227et seq., Plaintiff seeks statutory damages of $1500.00 for each and every call that violated the TCPA;

c) Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent behavior pursuant the TCPA and FCRA;

d) Trial by jury is requested on all claims for relief; and

e) Awarding such other relief as justice and equity may require.

Respectfully submitted,

*Kevin A. Gary*
Kevin Gary
3210 Hogarth
Detroit, MI 48206
kagary14@hotmail.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kevin A. Gary

**(b) County of Residence of First Listed Plaintiff** Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

26163

**(c) Attorneys** *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
Bluestem Brands Inc d/b/a/ Fingerhut

County of Residence of First Listed Defendant Ramsey
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF

Case: 5:19-cv-12384
Judge: Levy, Judith E.
MJ: Patti, Anthony P.
Filed: 08-12-2019 At 03:43 PM
CMP KEVIN GARY V BLUESTEM BRANDS INC (LG)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES
| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☒ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☒ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☒ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☒ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
FCRA 15 U.S.C. 1681 47 U.S.C. 227 et seq

Brief description of cause:
Fair Credit Reporting Act and Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE
SIGNATURE OF ATTORNEY OF RECORD
Kevin A. Gary

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

