# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| KEVIN A. GARY | ) Civil Action No:5:19-cv-12384-JEL-APP |
| | ) |
| Plaintiff, | ) Honorable: Judith E. Levy |
| | ) |
| v. | ) JURY DEMAND |
| | ) |
| BLUESTEM BRANDS, INC d/b/a/ | ) **1st Amended** |
| FINGERHUT | ) **Complaint** |

Defendant's

## AMENDED COMPLAINT

NOW COMES the Plaintiff, KEVIN A. GARY, by and through himself and for his Complaint against the Defendant, BLUESTEM BRANDS, INC, d/b/a FINGERHUT (hereinafter, Defendant ) and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. Defendant has violated the Fair Credit Reporting Act (FCRA) 15 U.S.C. 1681 *et seq*, and the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 *et seq*. The Defendant violated the FCRA by knowingly and wrongly reported false information to the Credit Reporting Agencies that has cause severe harm to the Plaintiffs ability to gain credit, obtain loans, and live a meaningful life. Additionally, BLUESTEM BRANDS, INC, d/b/a FINGERHUT, (hereinafter,

Defendant) without consent, called Plaintiffs cellphone using and automated dialing system and leaving an automated or prerecorded message on his cellular phone in violation of 47 U.S.C. § 227, et. seq. ("TCPA").

## JURISDICTION & VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. § 1681 and 28 U.S.C. § 1331. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. KEVIN A. GARY, (hereinafter, "Plaintiff"), is a natural person who was at all relevant times residing in the county of Wayne, state of Michigan.

5. Defendant's BLUESTEM BRANDS, INC, d/b/a FINGERHUT., is a domestic company with a corporate office located at 7075 Flying Cloud Drive, Eden Prairie, MN 55344, and has a registered agent at 1010 Dale St N, St Paul MN 55117

6. At all relevant times, Defendant has conducted business in Michigan, solicited business in Michigan, engaged in a persistent course of conduct in Michigan, or has derived substantial revenue from services rendered in Michigan.

## ALLEGATIONS OF FACT

7. In the middle of December 2018, Plaintiff began receiving calls on his cellphone of 248-703-xxxx from a phone number of 888-225-1500 belonging to the Defendant.

8. On several occasions Plaintiff answered the phone and was told that he owed an alleged debt for a loan taken out in his name.  Plaintiff told the representatives on several occasions that he did not take out a loan and Plaintiff have never heard of the company or done business with a company named Fingerhut. Plaintiff further informed the representative to please stop all calls to his cellphone.

9. From December 2018 until the July of 2019, Plaintiff answered several of the phone calls and informed the Defendant that he did not want the calls to his cellphone, and to cease all calls to him.  Plaintiff informed the Defendant on at least 15 occasions to stop calling his cellphone.

10. The calls continued as the Defendant kept calling numerous times a day. At the same time Defendant would leave automated voice messages on Plaintiffs cellphone that stated:

**"Please contact fingerhut by calling 855-895-3382 regarding an urgent business matter.  we look forward to connecting with you soon"**

11. After revoking consent, Defendant continued the barrage of calls to the dissatisfaction of the Plaintiff.

12.  Frustrated and angered, Plaintiff filed a police report in March of 2019 and sent it to the offices of the Defendant to get his name cleared of this alleged debt.

13.  Plaintiff has received at least two-hundred (200) calls from the Defendant since December of 2018.

14. Upon information and belief, all of the calls Defendant placed to Plaintiffs cellular phone were placed using an "automatic telephone dialing system" (hereinafter, "auto-dialer"), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1)

15. Plaintiff suffered harm and damages that include tying up his cellphone, and emotional distress such as anger and resentment each time he received a phone call from the Defendant.

16.  Since December of 2018, the Defendant has been reporting this alleged debt to the credit reporting agencies and it has harmed his credit rating causing Plaintiff to miss out on loan opportunities to help improve his business.

17.  The Fair Credit Reporting Act ("FCRA") 15 U.S.C. 1681-1681y, imposes responsibilities on all persons who furnish information to consumer reporting agencies (CRAs).  These responsibilities are found in 15 U.S.C. 1681s-2 of the FCRA.

18. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time he received a phone call from the Defendant.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## SECTION 1681s-2(b)

19.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendant willfully failed to comply with the requirements imposed under the FCRA, including but not limited to failing to comply with the requirements in 15 U.S.C. section 1681s-2(b).

21. As a result of Defendants violations of the FCRA, Plaintiff suffered and continues to suffer damages including denial of credit, lost opportunity to receive credit, damage to reputation, worry, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury.

22. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

## COUNT II
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER
## PROTECTION ACT 47 U.S.C. §227, et seq

23.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Using an auto-dialer, and after Plaintiff revoked consent, Defendant contacted the Plaintiff at least 200 times by means of artificial pre-recorded voice messages to a cellphone or pager in violation of 47 U.S.C. 227(b)(1)(A)(iii).

25. Plaintiff did not provide his consent to be contacted on his cellular telephone and in fact instructed Defendants to stop all calls to him and cease calling his cellular telephone.

26. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227et seq.

27. As a result of Defendants negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT III
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227, et seq

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Using an auto-dialer, and after Plaintiff revoked consent, Defendant knowingly and willfully contacted the Plaintiff at least 200 times by means of

artificial pre-recorded voice messages to a cellphone or pager in violation of 47 U.S.C. 227(b)(1)(A)(iii).

30.  Plaintiff did not provide his consent to be contacted on his cellular telephone and in fact instructed Defendants to stop all calls to him and cease calling his cellular telephone.

31. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227et seq.

32.  As a result of Defendant calls made knowingly and/or willfully in violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

a) As a result of Defendant negligent violations of the TCPA, 47 U.S.C. § 227et seq., Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(1);

b)  As a result of Defendant willful and/or knowing violations of the TCPA, 47 U.S.C. § 227et seq., Plaintiff seeks statutory damages of $1500.00 for each and every call that violated the TCPA;

c) Compensatory damages from violations of the FCRA that caused loss of credit worthiness, credit denial, and denial of business capital in an amount to be determined at trial;

d) Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent behavior pursuant the TCPA and FCRA;

e) Trial by jury is requested on all claims for relief; and

f) Awarding such other relief as justice and equity may require.

September 20, 2019                                                                                  Respectfully submitted,

/s/Kevin A. Gary

Kevin Gary
3210 Hogarth
Detroit, MI 48206
kagary14@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 20th, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the Defendant's Counsel listed below:

**Robert P. Zora**

**Dickinson Wright PLLC**

**500 Woodward Avenue, Suite 4000**

**Detroit, MI 48226-3425**

**Phone: 313-223-3500**

**COUNSEL FOR DEFENDANT BLUESTEM BRANDS, INC**

Plaintiff, Pro-Se

/s/Kevin A. Gary